## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| SPECIALTY MOTORS GROUP | ) | |
| HOLDING CORP., | ) | Case No. 09-10182 (CSS) |
| | ) | |
| SPECIALTY MOTORS HOLDING CORP., | ) | Case No. 09-10183 (CSS) |
| | ) | |
| SPECIALTY MOTORS OPERATIONS | ) | |
| INC., | ) | Case No. 09-10184 (CSS) |
| | ) | |
| AUTO SPECIALTY PRODUCTS, INC., | ) | Case No. 09-10185 (CSS) |
| | ) | |
| VON WEISE, INC., | ) | Case No. 09-10186 (CSS) |
| | ) | |
| VON WEISE GEAR COMPANY, | ) | Case No. 09-10187 (CSS) |
| | ) | |
| Debtors. | ) | |

### AFFIDAVIT AND STATEMENT OF ROBERT F. TROISIO, MANAGING DIRECTOR OF BTB ASSOCIATES, LLC

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | SS: |
| COUNTY OF NEW CASTLE | ) | |

I, Robert F. Troisio, Managing Director of BTB Associates LLC, hereby declare that the following is true to the best of my knowledge information and belief:

1. This affidavit (the "Affidavit") is submitted in support of the Application of Chapter 7 Trustee to Employ BTB Associates, LLC as Liquidation Consultants to the Trustee *Nunc Pro Tunc* to February 18, 2009 (the "Application"), pursuant to Sections 327(a) and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. I am the managing director of the consulting firm BTB Associates, LLC ("BTB"), maintaining offices at 37365 Pettinaro Drive, Oceanview, DE 19970. As such, I have direct knowledge of the facts contained in this Affidavit and am authorized to make this Affidavit.

3. The Trustee requires the services of an independent, outside consulting firm to assist with the liquidation and administration of the above-captioned debtors (collectively the "Debtors"). The employment of BTB will assist the Trustee in performing his statutory duties. The scope of employment of BTB shall be as follow:

    a. Review and analyze Debtors' financial records and information to assist the Trustee and his other professionals with respect to the administration of the Debtors' cases (collectively the "Cases").

    b. Review other documentary and testimonial information that may become available to recommend additional causes of action, and to recommend liquidation of other potential assets of the Debtors' estates (collectively, the "Estates") as instructed by the Trustee and at an appropriate time in the Cases.

    c. Assist the Trustee in the claims administration process as instructed by the Trustee and perform any other tasks related to the administration of the Estates as instructed by the Trustee.

    d. Secure / obtain computers and books and records.

    e. No monies or funds will be handled by BTB and all settlements, if any, will be subject to Interim Trustee and court approval.

4. The Trustee desires to retain BTB based on its experience and expertise in this area. I will be the person responsible for this representation, and my billing rate is $300.00 per hour. I anticipate utilizing the services of an associate of the firm, David Paddy, whose billing rate is $275.00 per hour. The billing rate for senior analysts working under me ranges from $175.00-$200.00 per hour. The billing rate for clerical work is $45.00 per hour. All rates are subject to reasonable annual increases.

5. BTB has agreed to represent and advise the Trustee pursuant to Sections 327(a) and 328 of the Bankruptcy Code with respect to these matters and will make appropriate applications to this court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders the Court entered in the cases.

6. BTB does not have any connection with the Debtors, the Debtors' creditors, any other parties in interest, or their respective attorneys, accountants, and the United States Trustee (the "UST") or any person employed by the office of the UST, as contemplated by Bankruptcy Rules 2014(a). I shall amend this statement immediately upon my learning that any of the representations contained herein are incorrect or if there are any changes in the circumstances relating to said representation.

7. BTB does not represent nor hold any interest adverse to the Estates with respect to the matters in which BTB will be employed, pursuant to Section 327(a) of the Bankruptcy Code. Additionally, BTB is disinterested as defined by Section 101(14) of the Bankruptcy Code in that BTB:

   a. Is not a creditor, equity security holder or insider of the Debtors;

   b. Is not and was not within two (2) years before the Debtors filing of petitions for relief, directors, officers or employees of the Debtors; and

   c. Does not have interests materially adverse to the interests of the Estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

8. No employee of BTB is a relative of the bankruptcy judge presiding over the cases (the "Judge") is a relative of the UST in the region in which the cases are pending or is or has been so connected with the Judge or the UST as to render the employment of BTB in cases as improper, as set forth in Bankruptcy Rule 5002.

9. No promises have been received by BTB as to compensation in connection with the Cases other than in accordance with the provisions of the Bankruptcy Code. No agreement exists, nor will any be made, to share any compensation received by BTB for its services.

10. I have reviewed the application and to the best of my knowledge, information and belief, the facts set forth therein are true and correct.

Dated: March 25, 2009

Robert F. Troisio, Managing Director
BTB Associates, LLC

Notary Public

My commission expires: 3-2-2010

CHERYL A LYNCH
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 2, 2010

4